PAUL E. CHASEZ, Judge.
Edgar L. Greathouse brought a rule for possession of certain premises against his mother, Mrs. Ethel A. Greathouse. Mrs. Greathouse (designated “defendant”) defended on the ground that she owned the house, having built it on land owned by her son but occupied by her with his permission and with the understanding she was to live in the house until she died. Alternatively she demanded $4,741.11 as the cost of constructing the house, and also asked for alimony from her son.
The District Court evicted defendant, but also gave judgment in defendant’s favor against plaintiff for $3,815.00.
Plaintiff has appealed from that part of the judgment condemning him to pay defendant $3,815.00. Defendant has not appealed her eviction
The evidence shows that defendant did in fact construct the house in question, upon the rear portion of a corner lot on the front of which plaintiff’s own house was located. But $2,700.00 of the cost came from the proceeds of a house in Arkansas which belonged to plaintiff. The picture is further confused by the fact that plaintiff gave defendant his bearer note for $3,000.00, secured by a mortgage on the entire lot in question and payable 10 years from date. The testimony leaves the exact purpose of this mortgage note vague and unclear, although it is agreed to be related to the matter involved in this suit and appears to have been given to secure whatever sums defendant might expend on constructing the house, beyond the $2,700.00 of plaintiff’s money. The exact amount of such additional sums, allegedly $2,041.11 is not very clearly established by the evidence.
The judgment below awarded an amount testified by an expert to be the present value of the improvements, but made no allowance for the $2,700.00 of plaintiff’s money used in constructing the improvements.
Although plaintiff did not in his pleadings ask for credit for the $2,700.00, [but did so in brief and argument to this court] the fact that the money was his is established by the evidence of both parties hereto, and in the interest of substantial justice the pleadings should be considered enlarged by that evidence. If allowance for the $2,700.00 is made against either cost of improvements or enhanced value of land on account of the improvements or even present value of the improvements, then the judgment would be for an amount considerably less than $3,000.00. Yet defendant remains in possession of the $3,000.00 bearer mortgage note, and the possibility of further litigation is obvious.
We would observe that this proceeding began on a rule for possession, and the summary nature of such a proceeding doubtless did not afford to either counsel sufficient opportunity to gather all of the evidence pertinent to the collateral issue of the necessary accounting between the parties. In our opinion, to avoid multiplicity of litigation, the settlement of all the issues between plaintiff and defendant requires the remand of this matter for a full accounting between the parties, to cover the Arkansas house proceeds, the cost of construction of the house from which plaintiff has had defendant evicted, and the $3,000.00 mortgage note transaction.
*482 The eviction of course stands; no appeal was taken from that aspect of the judgment below, and that part of the judgment is now final. As to the balance of the judgment, it is hereby set aside and remanded for full settlement of all claims and counterclaims between the parties.
Cost of appeal to be borne by defendant-appellee; all costs in the lower court are to await final determination of the matter.
Affirmed in part; remanded in part.